CARLOS J. TORRES, Petitioner and Appellant, v. MUNICIPAL ASSEMBLY OF SAN JUAN, Respondent and Appellee.

No. 4037.   Argued November 16, 1926.—Decided February 25, 1927.

*Carlos J. Torres* for the petitioner.   *Rafael Martínez Nadal* for the respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Doctor Martínez Roselló, a municipal assemblyman of San Juan, resigned. He was a member of the *Partido Constitucional Histórico.* The local committee of that party duly recommended Carlos J. Torres as his substitute. The assembly refused to appoint him and he brought a mandamus proceeding. The municipal assembly answered and the district court finally decided that the assembly could not be ordered to appoint the petitioner, whereupon he took this appeal.

The whole question to be considered and decided turns on the construction to be given to section 22 of the Municipal Law as amended in 1925. Acts of 1925, p. 699.

Appellant contends that the district court erred in not following the doctrine established by this Supreme Court in the case of *Torres* v. *Guánica,* 33 P.R.R. 337.

In that case the holding was entirely in favor of the contention of this appellant. It was, in synopsis, as follows:

"Ratifying the doctrine laid down in *Piovanetti et al.* v. *Paz et al.,* 28 P.R.R. 498, it was held in this case that the appointing power of the municipal assembly to fill vacancies among its members is merely residuary. The selection is made primarily by the people through the local organization of the political party to which the outgoing member belongs. In making the substitution, therefore, the assembly acts ministerially and not discretionally. The amendment made in section 22 of the Municipal Law of 1919 after the decision of *Piovanetti Case, supra,* did not affect the doctrine of that case."

But that jurisprudence was established before the amendment of 1925, as said by the trial judge in his opinion supporting the judgment.

In what did that amendment consist? In adding the following to the Act:

"When the local directing organization which is to make the recommendation fails to do so within five days after the vacancy occurs, or when the municipal assembly, at the first regular or special meeting thereof, fails to fill the vacancy with the person so recommended, then the said vacancy shall be filled by the Governor of Porto Rico, with the approval of the Insular Senate, on recommendation of the president of the central directing committee of the party which elected the member whose vacancy is to be filled."

Leaving aside the question of time, for it is alleged in the petition and not contradicted in the answer that the recommendation was made by the local committee of the party within the time specified by law, and giving consideration only to the second part of the amendment, we agree entirely

with the holding of the district judge as set out in his opinion as follows:

"But there exists another special circumstance and it is this: 'when the municipal assembly at the first regular or special meeting thereof fails to fill the vacancy with the person so recommended.' In this contingency the law clearly provides as follows: 'then the said vacancy shall be filled by the Governor of Porto Rico, with the approval of the Insular Senate, on recommendation of the president of the central directing committee of the party which elected the member whose vacancy is to be filled.' That is to say, if a vacancy exists in a municipal assembly and a person is recommended by the proper local committee to fill said vacancy, and it is not filled by appointing the person recommended by the local committee, then, in compliance with the clear and positive provision of the law, the matter is taken out of the jurisdiction and authority of the local committee of the party and of the proper municipal assembly and by legal precept is transferred to the jurisdiction of another officer who must, in compliance with that law, decide it. This is what clearly appears from the text of the provision referred to."

If the law preserved the former contingencies, i.e. "when through a tie vote or because several vacancies exist, or because various members of the municipal assembly have resigned, there is no quorum," and added that in which the municipal assembly should fail to fill the vacancy at the first regular or special meeting held after the recommendation from the local committee of the party, it is evident that it gave impliedly to that body the power to act in either sense, and the exercise of such power can not be controlled by a writ of mandamus. A municipal assembly may, either through mere negligence or acting purposely, fail to act on the recommendation. It may also openly refuse to accept it. In all such contingencies the vacancy is not filled and the power to act of the committee and of the assembly ends. That case is provided for in the law, and it falls to the president of the central committee of the party and to the Governor of the Island to act. The principles of popular government are preserved. Opportunity is first given to the organizations

directly appointed by the members of the party in the locality and by the people thereof. When it becomes impossible for them to act because they disagree, it is not then a case as it was before of compelling the assembly to carry out the will of the local committee, but that the decision of the case is transferred from the local to the insular community, that is, to the president of the central committee of the party and to the Governor of the People with the approval of the Senate.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.